IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BETSY UMANZOR, | § |
| Plaintiff, | § § § |
| v. | § CIVIL ACTION NO. 4:19-cv-1172 |
| PALM RESTAURANT OF HOUSTON, INC., | § § § |
| Defendant. | § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Betsy Umanzor ("Plaintiff") files this Original Complaint against Palm Restaurant of Houston, Inc. ("Defendant").

## SUMMARY

1. Plaintiff Betsy Umanzor (female) worked as a Server for Defendant Palm Restaurant of Houston, Inc.

2. Plaintiff was terminated for "no call no show" after she missed one scheduled shift because she mistakenly viewed the wrong week's schedule. Plaintiff had not received any discipline prior to this incident.

3. Another Server, Rene Zepeda (male), had a history of "no call no show" violations but was not disciplined in any way.

4. Plaintiff's termination was discriminatory on the basis of her sex and she was terminated in violation of Title VII of the Civil Rights Act of 1964.

5. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC, after an investigation, issued a Determination that Defendant violated Title VII of the Civil Rights Act of 1964 and discriminated against Plaintiff by terminating her.

## THE PARTIES AND JURISDICTION

6. Plaintiff Betsy Umanzor is a natural person residing within the confines of the Southern District of Texas, Houston Division. Plaintiff has standing to file this lawsuit.

7. Defendant Palm Restaurant of Houston, Inc. is a corporation located within the confines of the Southern District of Texas, Houston Division.

8. Defendant may be served with this Complaint through their registered agent, Corporate Creations Network Inc., at their registered address, 2425 W. Loop South, Suite 200, Houston, TX 77027.

9. The Court has personal jurisdiction over Defendant based on general jurisdiction.

10. The Court has subject matter jurisdiction over this case based on federal question jurisdiction under Title VII of the Civil Rights Act.

11. Venue is appropriate in the Southern District of Texas, Houston Division, because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district.

## FACTUAL BACKGROUND

12. Plaintiff Betsy Umanzor, who is female, worked as a Server for Defendant Palm Restaurant of Houston, Inc. from 2013 to 2015.

13. On March 11, 2015, Plaintiff was terminated after she misread her work schedule and was not aware that she was scheduled to work that day.

14. Plaintiff informed Defendant of the reason for missing her shift over the phone.

15. Defendant instructed Plaintiff to come in to work and then terminated her.

16. Plaintiff was terminated for "no call no show."

17. Plaintiff had not received any discipline prior to this incident.

18. Another Server, Rene Zepeda, who is male, had a history of "no call no show" violations but was not disciplined in any way.

19. Plaintiff's termination was discriminatory on the basis of her sex and she was terminated in violation of Title VII of the Civil Rights Act of 1964.

20. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on April 7, 2015.  The EEOC, after an investigation, issued a Determination that Defendant violated Title VII of the Civil Rights Act of 1964 and discriminated against Plaintiff by terminating her.  *See* Exhibit 1.

21. Specifically, the EEOC concluded:

> Based upon the investigation, the Commission concludes that the evidence establishes a violation of Title VII of the Civil Rights Act of 1964, as amended. There was evidence to show that Respondent discriminated against Charging Party by terminating her because of her sex and in retaliation for her complaint of gender discrimination.  Respondent treated Charging Party disparately for the same infraction for which her male co-worker, Rene Zepeda, was not terminated.

Exhibit 1.

22. Although the EEOC determined that Defendant both discriminated and retaliated against Plaintiff, Plaintiff does not bring a cause of action for retaliation in this case.

23. Plaintiff has suffered damages as a result of Defendant's violation of Title VII and brings this suit to obtain redress for her legal grievances.

## TITLE VII CLAIM OF SEX DISCRIMINATION

**A.     Legal Standards**

24. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

25. Title VII of the Civil Rights Act of 1964 prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

26. Discrimination can be established through direct or circumstantial evidence. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

27. Where the plaintiff has not presented direct summary judgment evidence of discrimination, courts apply the burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the framework, to establish a *prima facie* case of race discrimination in a termination case, a plaintiff must show that: "(1) the plaintiff is a member of a protected group; (2) the plaintiff was qualified for the job that was held; (3) the plaintiff was discharged; and (4) after the employer discharged the plaintiff, the employer filled the position with a person who is not a member of a protected group." *Black v. Pan Am. Labs., LLC*, 646 F.3d 254, 259 (5th Cir. 2011) (quoting *Valdez v. San Antonio Chamber of Commerce*, 974 F.2d 592, 596 (5th Cir. 1992)). Alternatively, in the case of disparate treatment, the plaintiff may satisfy the last element by showing that others similarly situated were treated more favorably. *See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001).

28. After the plaintiff establishes a *prima facie* case, the burden shifts to the employer to show a legitimate, non-discriminatory and non-retaliatory reason for the adverse employment action. *Black*, 646 F.3d at 259; *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

29. The burden then shifts back to the plaintiff to show either: "(1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Black*, 646 F.3d at 259 (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)) (alteration in original).

30. All conditions precedent to this suit have been fulfilled.

**B. Analysis**

31. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

32. Plaintiff was terminated for "no-call no show" even though it was her first violation and it was a result of inadvertent error.

33. Meanwhile a male Server, Rene Zepeda, had a history of the same infraction, yet he was not terminated or disciplined in any way.

34. Plaintiff can demonstrate that her termination deviated from Defendant's customary practices.

35. Plaintiff (1) was a member of a protected group; (2) was qualified for her job; (3) was terminated; and (4) was treated less favorably than a similarly situated male comparator.

**C. Damages**

36. Plaintiff incorporates the preceding paragraphs of this Complaint as if set forth verbatim.

37. Plaintiffs who prevail in a Title VII discrimination claim are entitled to back pay. The purpose of back pay is to "make whole the injured party by placing that individual in the position he or she would have been in but for the discrimination." *Sellers v. Delgado Cmty. Coll.*, 839 F.2d 1132, 1136 (5th Cir. 1988).

38. Prevailing plaintiffs are also entitled to reinstatement as an equitable remedy. *See Julian v. City of Houston, Tex.*, 314 F.3d 721, 729 (5th Cir. 1992). If reinstatement is not feasible, front pay will be awarded in a manner consistent with the remedial purposes of the law. *See Brunnemann v. Terra Int'l Inc.*, 975 F.2d 175, 180 (5th Cir. 1992). Unlike back pay, front pay refers to future lost earnings.

39. Prevailing plaintiffs are entitled to compensatory and punitive damages under Title VII. *See* 42 U.S.C. § 1981A(a)(1).

40. Prevailing plaintiffs are also entitled to attorneys' fees and costs.

**JURY DEMAND**

41. Plaintiff demands a jury trial.

## **DAMAGES AND PRAYER**

Plaintiff asks that she be awarded a judgment against Defendant for the following:

a. Actual damages in the amount of lost back pay, lost benefits, and other economic losses;

b. Reinstatement or front-pay;

c. Compensatory damages;

d. Punitive damages;

e. Prejudgment and post-judgment interest;

f. Court costs;

g. Attorney's fees; and

h. All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Ahad Khan
Ahad Khan
Texas Bar No. 24092624
S.D. Texas ID No. 2981398
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3558 – Telephone
ak@ahadkhanlaw.com – Email

ATTORNEY FOR PLAINTIFF
BETSY UMANZOR